**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

**Jefferson Kelley**
4137 Mandrake Drive
Cincinnati, OH 45251,

Plaintiff

v.

**Robinhood Credit, Inc.**
ATTN: Notice
85 Willow Road
Menlo Park, CA 94025

**Also Served at:**
Robinhood Credit, Inc.
c/o Incorporating Services, Ltd.
145 Baker Street
Marion, OH 43302

Defendant.

Case No.

Judge:

**JURY DEMAND ENDORSED HEREIN**

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Plaintiff Jefferson Kelley's personal knowledge, the investigation of counsel, and information and belief. Plaintiff, by and through counsel, allege as follows:

**INTRODUCTION**

1. Plaintiff is the authorized user of a Robinhood Gold credit card issued by Defendant (the "Credit Card"). In or around July 2026, Plaintiff discovered multiple fraudulent charges on the Credit Card, totaling thousands of dollars, that had been made online by an unauthorized user in a single overnight period. Plaintiff immediately disputed the fraudulent charges with Defendant and filed complaints with multiple agencies to resolve the matter, but he was ultimately left without answers or meaningful resolution.

Defendant continues to insist that the Credit Card's unauthorized charges and the resulting payment obligations belong to Plaintiff. Defendant further maintains that Plaintiff owes the resulting balance. Plaintiff brings this suit to hold Defendant accountable for its handling of the fraudulent transactions, its continued assertion of amounts Plaintiff does not owe, and to recover all damages and other relief authorized under federal law.

## PRELIMINARY STATEMENT

2. Plaintiff brings this action for Defendant's negligent and willful violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), including Defendant's failure to comply with its statutory obligations to investigate, resolve, and correct billing errors arising from fraudulent and unauthorized charges to the Credit Card. Plaintiff seeks to recover all actual damages, statutory damages where authorized, punitive damages, reasonable attorney fees and costs, and all other legal or equitable relief available under applicable law.

## JURISDICTION & VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, including TILA. This Court also has jurisdiction pursuant to 15 U.S.C. § 1640(e).
4. This Court has personal jurisdiction over Defendant because it transacts business within this District, the alleged inaccuracies were incurred within this District, and discovery of the unauthorized fraudulent charges on the Credit Card occurred within this District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio.
6. Plaintiff brings this action pursuant to 15 U.S.C. § 1640 and 15 U.S.C. § 1666 *et seq.*

## PARTIES

7. Plaintiff Jefferson Kelley ("Plaintiff") is a natural person residing within this Court's jurisdiction at 4137 Mandrake Drive, Cincinnati, Ohio 45251.
8. Plaintiff was and is a "person," "consumer," and "cardholder" within the meaning of 15 U.S.C. § 1602(e), 15 U.S.C. § 1602(i), and 15 U.S.C. § 1602(n)
9. Defendant Robinhood Credit, Inc. ("Defendant") is a corporation formed in Delaware with its headquarters in California.
10. At all times relevant, Defendant was and is a "person," "creditor," and "card issuer" within the meaning of 15 U.S.C. § 1602(e), 15 U.S.C. § 1602(g), and 15 U.S.C. § 1602(o).

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.
12. Plaintiff holds an accepted and valid Credit Card issued by the Defendant.
13. On or about July 30, 2026, while Plaintiff was asleep, Plaintiff's online account associated with the Credit Card was compromised and accessed by at least one unauthorized individual (the "Unauthorized User").

14. During the unauthorized access, the Unauthorized User gained access to multiple devices associated with Plaintiff's account and made at least six unauthorized purchases using the Credit Card.
15. The Unauthorized User charged a total of $4,777.43 to Plaintiff's Credit Card without Plaintiff's knowledge or authorization.
16. The Unauthorized User's actions with the Credit Card were without Plaintiff's actual, implied, or apparent authority, and conferred no benefit on Plaintiff.
17. After discovering the unauthorized transactions the following morning, Plaintiff submitted a written dispute of the charges immediately to Defendant.
18. Plaintiff provided evidence to Defendant supporting Plaintiff's dispute and demonstrating that the transactions were fraudulent and unauthorized.
19. After conducting only a brief investigation, Defendant denied Plaintiff's dispute and refused to remove the unauthorized charges.
20. To date, Defendant continues to demand payment from Plaintiff for the unauthorized charges as well as any additional charges, interest, fees, or other amounts accruing as a result of the fraudulent balance.
21. The unauthorized transactions remain on Plaintiff's Credit Card account.
22. Defendant's inaccurate investigation and improper recording of the unauthorized charges have caused and continue to cause Plaintiff's account to accrue an inaccurate balance.
23. Plaintiff has suffered and continues to suffer actual damages, including but not limited to: financial losses, an inaccurate account balance, inaccurate reporting of credit, impairment of Plaintiff's credit, loss of time, inconvenience, frustration, and emotional distress, in an amount to be proven at trial.

## **FIRST COUNT – VIOLATION OF 15 U.S.C. § 1601 *et seq.***

24. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

25. Defendant is a creditor and card issuer subject to the requirements of TILA, 15 U.S.C. § 1601 *et seq*.

26. Defendant's actions discussed in this Complaint violate TILA at 15 U.S.C. § 1601 *et seq.*

27. Pursuant to 15 U.S.C. § 1643(d), except as expressly provided in § 1643, a cardholder incurs no liability for the unauthorized use of a credit card.

28. Pursuant to 15 U.S.C. § 1643(a)(1), a cardholder may be held liable for the unauthorized use of a credit card only if all statutory conditions are satisfied, including that the cardholder's liability does not exceed $50.

29. The Unauthorized User made purchases totaling $4,777.43, which greatly exceeds $50.

30. Defendant continues to record the unauthorized transactions, totaling $4,777.43, as an outstanding balance on Plaintiff's Credit Card account, thereby imposing liability on Plaintiff in an amount in excess of $50.

31. Plaintiff explained the fraudulent nature of the charges to Defendant, but Defendant did not take sufficient action in removing the unauthorized charges from Plaintiff's balance.

32. Defendant's actions in not removing the fraudulent, unauthorized charges violate 15 U.S.C. § 1643(a).

33. Defendant's violations of 15 U.S.C. § 1643(a) were negligent and, alternatively, willful because Defendant acted knowingly or in reckless disregard of Plaintiff's rights by continuing to impose liability for unauthorized transactions despite Plaintiff's prompt notification and supporting evidence.

34. Pursuant to 15 U.S.C. § 1601 *et seq.*, Defendant was required to conduct a reasonable investigation to determine whether the disputed information was inaccurate and to record the status of such investigation.

35. Defendant's own investigation failed to correct the unauthorized use of the Credit Card.

36. Defendant thereby failed to conduct a reasonable investigation of the unauthorized use of the Credit Card. As a direct and proximate result of Defendant's violations, Plaintiff has suffered actual damages, including but not limited to financial damages, an inaccurate account balance, impaired credit, loss of time, inconvenience, frustration, anxiety, and emotional distress.

37. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover all damages and other relief authorized by law, including actual damages, statutory and punitive damages, and reasonable attorney fees and costs.

**SECOND COUNT – VIOLATION OF 15 U.S.C. § 1666 *et seq.***

38. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

39. Defendant is a creditor subject to the requirements of the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 *et seq*.

40. Defendant's actions discussed in this Complaint violate the FCBA at 15 U.S.C. § 1666 *et seq*.

41. Pursuant to 15 U.S.C. § 1666(a), if a creditor receives written notice from a consumer that indicates the consumer's belief that his statement contains a billing error within 60 days after the creditor transmitted that statement, the creditor must do both of the following:

a. within 30 days of receiving that written notice from the consumer, it must acknowledge receipt to the customer in writing, pursuant to 15 U.S.C. § 1666(a)(3)(A); and

b. within two billing cycles, and no later than 90 days after receiving the consumer's written dispute, it must either (1) make appropriate corrections to the consumer's account, or (2) conduct an investigation into the dispute and send a written explanation to the consumer explaining the accuracy of the creditor's reporting, pursuant to 15 U.S.C. § 1666(a)(3)(B)(i)-(ii).

42. Plaintiff notified Defendant in writing about the unauthorized charges immediately after realizing the unauthorized use on his Credit Card.

43. Defendant did not properly investigate and resolve the fraudulent use of the Credit Card, in violation of FCBA.

44. Defendant further failed to appropriately correct Plaintiff's Credit Card account and continues to maintain the unauthorized charges as amounts owed by Plaintiff.

45. Defendant's violations of FCBA were negligent and, alternatively, willful because Defendant knowingly or recklessly failed to correct inaccurate fraudulent charges on the Credit Card and otherwise disregarded its statutory obligations despite having actual notice of Plaintiff's dispute.

46. As a direct and proximate result of Defendant's violations, Plaintiff has suffered actual damages, including but not limited to financial damages, an inaccurate account balance, impaired credit, loss of time, inconvenience, frustration, anxiety, and emotional distress.

47. Plaintiff is entitled to recover all damages and other relief authorized by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant, as applicable to each Count, and that the Court:

A. Award Plaintiff all actual damages sustained as a result of Defendant's negligent or willful noncompliance with TILA, pursuant to 15 U.S.C. § 1640(a)(1);

B. Pursuant to Count One, declare that Plaintiff is not liable for the unauthorized charges totaling $4,777.43, or any related interest, fees, or other charges arising therefrom, as provided by 15 U.S.C. § 1643;

C. Award Plaintiff all relief available under 15 U.S.C. § 1666 *et seq*. for Defendant's negligent or willful noncompliance with FCBA;

D. Grant the Plaintiff the maximum damages he seeks on his counts, including the maximum statutory damages available under each claim where statutory damages are available, and the maximum economic and non-economic damages available, including actual, emotional, general, punitive, and other damages;

E. Award Plaintiff the costs of this litigation, including filing fees and costs, pursuant to 15 U.S.C. § 1640(a)(3);

F. Award Plaintiff his attorney fees pursuant to 15 U.S.C. § 1640(a)(3); and

G. Award such other relief as the Court deems appropriate.

Dated: November 18, 2026

Respectfully Submitted,

*/s/ Andrew J. Gerling*

Andrew J. Gerling (0087605)
KOHL & COOK LAW FIRM, LLC
438 E Wilson Bridge Rd. Suite 200
Worthington, OH 43085
PH (614) 763-5111

FAX (937) 813-6057
andrew@kohlcook.com
*Attorney for Plaintiff*

**JURY TRIAL DEMANDED**

Plaintiff respectfully requests a jury trial on all triable issues.

*/s/ Andrew J. Gerling*
Andrew J. Gerling (0087605)